IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LATANYA A. BRYANT, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil No. 25-1203-BAH |
| SELECTIVE PORTFOLIO SERVICING, INC., ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Latanya A. Bryant ("Plaintiff") filed the above-captioned complaint pro se against Defendants Selective Portfolio Servicing, Inc., U.S. Bank Trust National Association, and JP Morgan Chase Bank N.A. related to an allegedly unlawful foreclosure and forcible eviction of 3416 Ramona Ave., Baltimore, MD 21213. *See* ECF 1. After the Court instructed Plaintiff to cure a deficiency in her initial motion to proceed in forma pauperis ("IFP motion"), *see* ECF 2 (IFP motion) and ECF 5 (deficiency notice), Plaintiff filed a renewed IFP motion, ECF 6, which shall be granted. Plaintiff also filed an emergency motion for injunctive relief seeking a "full halt of all foreclosure enforcement, eviction enforcement, or attempts to seize, remove, or dispose of any personal or trust-owned property under my care, custody, or control." ECF 3, at 1 (capitalization removed). The Court will address that motion first. The Court will then turn to service of process.

I. **Emergency Motion for Injunctive Relief (ECF 3)**

The Court will construe this motion as a motion for a temporary restraining order ("TRO"). Motions for TROs (as well as for preliminary injunctions) are governed by Federal Rule of Civil Procedure 65. Under that rule:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The purpose of a TRO is to 'preserve the status quo only until a preliminary injunction hearing can be held.'" *ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 431 (D. Md. 2024) (quoting *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)). TROs are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). They are not "awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, at 689–90 (2008)). To succeed on a motion for a TRO, a movant "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (alteration in original) (citing *Winter,* 555 U.S. at 20).

Preliminarily, Plaintiff's motion fails because she has not provided the procedural prerequisites under Rule 65(b)(1). *See Womack v. Freedom Mortg.*, Civ. No. GJH-19-3182, 2019 WL 13401859, at *1 (D. Md. Nov. 13, 2019) (denying TRO for failure to comply with Fed. R. Civ. P. 65(b)(1)'s requirements); *TFFI Corp. v. Williams*, Case No. AW–13–1809, 2013 WL 6145548, at *3 (D. Md. Nov. 20, 2013) (same)).

More substantively, Plaintiff has not attempted to meet the four *Winter* factors, and she has not demonstrated a likelihood of success on the merits. While Plaintiff has not provided the case

number for any state court proceedings, granting Plaintiff the relief she seeks in the motion would seemingly require enjoining the ongoing state court foreclosure proceeding.[1]  Under the Anti-Injunction Act, federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  "Because none of these 'three specifically defined exceptions' applies to this case, the Court cannot enjoin the pending state foreclosure proceeding." *Singletary v. Nationstar Mortg., LLC*, Civ. No. TDC-14-3204, 2016 WL 1089419, at *2 (D. Md. Mar. 21, 2016) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)); *see also Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015) (collecting cases where courts have concluded that the Anti-Injunction Act prevents a court from issuing injunctive or declaratory relief that would actually or effectively enjoin an ongoing foreclosure proceeding); *Howes v. SN Servicing Corp.*, Civ. No. CCB-20-670, 2023 WL 4532802, at *4 n.4 (D. Md. July 13, 2023) ("The court is obligated to raise the Anti-Injunction Act issue *sua sponte* because it deprives the court of subject matter jurisdiction over the plaintiffs' claim." (citing *Tucker*, 83 F. Supp. 3d at 641 n.4)).  Because the Court cannot grant the relief Plaintiff seeks in the motion, it must be denied.  *See Cade v. O'Sullivan*, Civ. No. GJH-19-3260, 2019 WL 6034990, at *1–2 (D. Md. Nov. 14, 2019) (denying a motion for a TRO seeking an injunction of state court foreclosure proceedings both on procedural grounds under Fed. R. Civ. P. 65(b)(1) and under the Anti-Injunction Act).

---

[1] The Court takes judicial notice of Case No. 24-O-23-000204, a foreclosure action currently pending in the Circuit Court for Baltimore City, where Plaintiff appears to be a defendant and which appears to concerns the same property (3416 Ramona Avenue).

3

**II.     Service of Process**

Although Plaintiff provided summonses for each of the three defendants along with the complaint, they are deficient because the address for the corporate defendants on each summons is not the registered agent designated for service. Plaintiff will be granted twenty-one (21) days from the date of this order to correct the deficiency. Plaintiff is forewarned that failure to provide summonses to the Clerk will result in dismissal of the complaint without further notice and without prejudice.

Further, it does not appear that Plaintiff has furnished a U.S. Marshal service of process form for each named defendant in this case. Until Plaintiff cures this problem, service shall not be issued. The Clerk shall be directed to mail a copy of the Marshal form for each defendant to Plaintiff, who must complete and return the forms to the Clerk within twenty-one (21) days from the date of this order. Failure to comply with this order may result in dismissal without prejudice of Plaintiff's complaint. Once the forms are received, the Clerk and the U.S. Marshal are directed to take all necessary steps to effectuate service of process.

Service of process on corporations and associations may be made pursuant to Fed. R. Civ. P. 4(h). The summons and complaint are generally served on the resident agent, president, secretary, or treasurer. *See* Maryland Rule 2-124(d). Plaintiff may contact the office of the State Department of Assessments and Taxation at (410) 767-1330 or visit the website at https://egov.maryland.gov/BusinessExpress/EntitySearch to obtain the name and service address for the resident agent of a corporate defendant.

Both LexisNexis and Westlaw provide free public access to the Maryland Rules. Free public access to the Maryland Rules is also available through the Maryland State Law Library's website at: https://mdcourts.gov/lawlib/research/gateway-to-md-law/code-rules-laws-sources.

If there is no record that service was effectuated on the defendants, Plaintiff risks dismissal of this case. Pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a., if a party demanding affirmative relief has not effectuated service of process within ninety (90) days of filing the complaint, the Court may enter an order asking the party to show cause why the claims should not be dismissed. If the party fails to show cause within the time as set by the Court, the complaint shall be dismissed without prejudice.

### III. Conclusion and Order

Accordingly, it is this 24th day of April, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 6, is GRANTED;

2. Plaintiff's motion for emergency injunctive relief, ECF 3, is DENIED;

3. The Clerk SHALL SEND a copy of this order, together with three copies of the U.S. Marshal and summons forms to Plaintiff;

4. Plaintiff IS GRANTED TWENTY-ONE (21) days from the date of this order in which to complete the U.S. Marshal forms and summons forms and return them to the Clerk. Plaintiff is cautioned that the failure to return the completed U.S. Marshal and summons forms in a timely and complete manner may result in the dismissal of this case without prejudice and without further notice from the Court;

5. Upon receipt of the U.S. Marshal forms and summons forms, the Clerk SHALL ISSUE the summonses and forward same together with the complaint, the U.S. Marshal forms, and a **COPY OF THIS MEMORANDUM & ORDER** to the U.S. Marshal;

6. The U.S. Marshal Service IS DIRECTED to effectuate service of process on the defendants at the addresses provided by Plaintiff. If the U.S. Marshal Service uses U.S. Postal Service delivery to effect service on the defendants, it shall do so by **RESTRICTED DELIVERY, CERTIFIED MAIL**; and

7. The Clerk SHALL SEND a copy of this order to the Plaintiff.

/s/
Brendan A. Hurson
United States District Judge