IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LATANYA A. BRYANT, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 25-1203-BAH |
| SELECTIVE PORTFOLIO SERVICING, INC., ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

This memorandum and order addresses the outstanding motions found at ECF 13, ECF 17, ECF 27, ECF 37, and ECF 40. The Court also denies ECF 28 to the extent it seeks to strike Plaintiff's amended complaint and affords Plaintiff one more opportunity to respond to the arguments raised in the motions to dismiss the amended complaint at ECF 28 and ECF 29.

Plaintiff Latanya A. Bryant ("Plaintiff"), proceeding pro se, originally filed the above-captioned complaint against Defendants Selective Portfolio Servicing, Inc. ("SPS"), U.S. Bank Trust National Association ("US Bank"), and JP Morgan Chase Bank N.A. ("Chase") related to an allegedly unlawful foreclosure and forcible eviction. *See* ECF 1. Plaintiff later filed a "supplement" to her complaint.[1] ECF 7.

After summonses were returned executed as to US Bank, Chase, and SPS, each filed a motion to dismiss. *See* ECF 13 (Chase); ECF 17 (SPS and US Bank). The Court mailed Plaintiff Rule 12/56 notices, ECFs 14 and 18, and Plaintiff timely responded to Chase's motion, *see* ECF

---

[1] Plaintiff also filed an emergency motion for injunctive relief, ECF 3, which was addressed by the Court in a memorandum and order issued on April 24, 2025, ECF 9.

20. Plaintiff then filed an amended complaint alleging claims against Chase, SPS, ZD Home Group, LLC ("ZD"),[2] and John Does 1-10, described by Plaintiff as "agents, employees, attorneys, or actors involved in the unlawful seizure" of Plaintiff's former home. ECF 25, at 1; ECF 25-1, at 1. That filing also appears to raise claims against US Bank, Deputy Lowther, described by Plaintiff as a person affiliated with the "Sheriff's Office," as well as several "Unknown Attorneys and Notaries" and "Maryland District Court Officers." ECF 25-2, at 1. Plaintiff added a "supplement" to the amended complaint noting that a "paper/pleading" was mailed to ZD, ECF 26, and also filed a "motion to vacate foreclosure sale and eviction," ECF 27.

Chase responded by filing a motion to dismiss or, in the alternative, to strike the amended complaint. ECF 28. US Bank and SPS also filed a motion a dismiss the amended complaint. ECF 29. SPS and US Bank also responded to Plaintiff's motion seeking to vacate the foreclosure sale and eviction. ECF 30. Plaintiff was mailed a Rule 12/56 motion related to each of the motions to dismiss. ECFs 28 and 29. Plaintiff then filed numerous documents including a "writ of proof of standing," ECF 35; a notice correcting earlier representations regarding ZD Homes, ECF 36; a collection of notarized documents and other declarations, ECF 39; a motion for Clerk's entry of default as to SPS, ECF 37; and a motion for default judgment as to SPS, ECF 40. Plaintiff also filed two additional documents arguing that Defendants' purported failure to respond to various filings should result in findings in her favor. *See* ECFs 41 and 42.

As a threshold matter, and Chase's observations as to some disagreement as to the effect of an amended complaint notwithstanding, *see* ECF 28-1, at 8 n.1, the general rule is that "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v.*

---

[2] The Clerk is directed to amend the docket in this case to reflect the correct name of defendant ZD Home Group, LLC.

*City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001).  Accordingly, the operative complaint in this case is found at ECF 25 and the motions to dismiss the original complaint found at ECF 13 and ECF 17 are **DENIED** as moot.

Plaintiff's motion to vacate foreclosure sale and eviction, ECF 27, is also denied.  Plaintiff previously sought identical relief in her emergency motion for injunctive relief, which sought a "full halt of all foreclosure enforcement, eviction enforcement, or attempts to seize, remove, or dispose of any personal or trust-owned property under my care, custody, or control."  ECF 3, at 1 (capitalization removed).  The property at issue in the emergency motion for injunctive relief was "3416 Ramona Ave, Baltimore, MD 21213."  ECF 3-1, at 1.  The motion found to vacate foreclosure sale and eviction seeks identical relief, namely "to vacate the foreclosure sale and resulting eviction of the Plaintiff from the property located at 3416 Ramona Avenue, Baltimore, Maryland."  ECF 27, at 1.  Accordingly, the motion to vacate foreclosure sale and eviction, ECF 27, is **DENIED** for the reasons previously noted in the memorandum and order entered on April 24, 2025, ECF 9, as well as for the reasons noted in SPS's opposition, ECF 30.

Plaintiff's motions for default and default judgment, ECF 37 and ECF 40, will be denied. Placing a party in default involves a two-step process. First, there must be an entry of default by the Clerk pursuant to Rule 55(a), which allows entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Thereafter, a default judgment may be entered pursuant to Rule 55(b). Default judgment is highly disfavored and reserved for those cases where an unresponsive party has halted the adversary process. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Circ. 2010) ("We have repeatedly expressed a strong preference that,

3

as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").

Here, there has been no entry of default by the Clerk, rendering default judgment inappropriate. And as to the request for entry of default, SPS has filed a motion to dismiss, *see* ECF 29, and thus SPS (like the other defendants who have been properly served) has shown the required intent to defend Plaintiff's claims against it within the meaning of Rule 55(a) by filing motions to dismiss the amended complaint. The motion for entry of default, ECF 37, and for default judgment, ECF 40, are **DENIED**.

As to the motions to dismiss the amended complaint found at ECF 28 and ECF 29, the Court notes that Plaintiff has yet to file a substantive response to the meritorious arguments raised in those filings. By failing to respond to these motions, Plaintiff has arguably conceded the arguments raised therein. *See Herbert v. McCall*, Civ. No. 23-6242, 2024 WL 4276995, at *3 (D.S.C. Aug. 9, 2024) ("As numerous courts in the Fourth Circuit repeatedly have held, a litigant's failure to address arguments in responding to dispositive motions amounts to a concession of such arguments."); *see also Evans v. City of Lynchburg*, 766 F. Supp. 3d 614, 618 (W.D. Va. 2025) ("Failure to respond to conspicuous, nonfrivolous arguments in an opponent's brief constitutes a waiver of the corresponding claims."). However, Plaintiff is proceeding pro se and may believe that the filings at ECF 35, ECF 26, ECF 37, ECF 38, ECF 39, ECF 40, ECF 41, and ECF 42 serve as a response to the arguments raised in the motions to dismiss filed at ECF 28 and ECF 29. The Court notes that none of these filings address the arguments raised in support of dismissal. However, again recognizing Plaintiff's pro se status, the Court confirms that the amended complaint at ECF 25 is now the operative complaint and will afford Plaintiff until January 6, 2026, to respond to the arguments raised in support of the motions to dismiss the amended complaint at

ECF 28 and attached filings (Chase) and ECF 29 and attached filings (SPS and US Bank).[3]  As noted in the Rule 12/56 notices previously sent to Plaintiff in this case, *see* ECFs 14, 18, 31 and 32, Plaintiff is forewarned that the failure to file a timely written response to both motions, or the filing of an inadequate response that does not address the arguments raised in both motions, may result in dismissal of the case without further warning from the Court.

Accordingly, it is this 15th day of December, 2025, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The motion to dismiss at ECF 13 is DENIED as moot;

2. The motion to dismiss at ECF 17 is DENIED as moot;

3. The motion to vacate at ECF 27 is DENIED;

4. The motion for entry of default at ECF 27 is DENIED;

5. The motion for default judgment at ECF 40 is DENIED;

6. The Court also denies ECF 28 to the extent it seeks to strike Plaintiff's amended complaint, but the motion to dismiss remains pending;

7. Plaintiff is granted until Tuesday, January 6, 2026, to respond to the arguments raised in the motions to dismiss at ECF 28 and ECF 29.  Failure to respond may result in the dismissal of this case without further notice from the Court;

8. The Clerk is directed to change the name of defendant ZB Home Group LLC to ZD Home Group LLC; and

9. The Clerk SHALL SEND a copy of this memorandum and order to the Plaintiff.

/s/<br>
Brendan A. Hurson<br>
United States District Judge

---

[3] The Court has also considered the arguments raised by Chase that the amended complaint should be "stricken in its entirety," ECF 28-1, at 24, but notes that the arguments in support of this relief generally mirror those raised in support of dismissal.  The Court denies the motion to strike and will ultimately rule on the motion to dismiss after Plaintiff is afforded a final opportunity to respond.