## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LATANYA BRYANT, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil No. 25-1203-BAH |
| SELECT PORTFOLIO SERVICING, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* .\* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Latanya Bryant ("Bryant") brought suit against Select Portfolio Servicing, Inc. ("SPS"), U.S. Bank Trust Company, National Association ("U.S. Bank"), JPMorgan Chase Bank N.A. ("Chase"),[1] and other defendants, for claims arising out of the foreclosure of a property formerly owned by Bryant in Baltimore, Maryland. *See* ECF 1 (original complaint); ECF 25 (the "First Amended Complaint"). There are four motions pending before the Court. First, Chase filed a motion to dismiss or, in the alternative, motion to strike the First Amended Complaint, ECF 28, and SPS and U.S. Bank filed a motion to dismiss the First Amended Complaint, ECF 29. Second, in response to a second amended complaint filed by Bryant, ECF 46 (the "Second Amended Complaint"), SPS filed a motion to strike or, alternatively, dismiss the Second Amended Complaint, ECF 48. Then, Bryant filed a "motion for leave to file a first amended complaint," ECF 53, with a proposed third amended complaint appended thereto, ECF 53-1 (the "Third

---

[1] Chase and U.S. Bank are no longer defendants in this case as Bryant filed a notice of voluntary dismissal as to those defendants on January 6, 2026. *See* ECF 45 (dismissing Chase, U.S. Bank, and ZD Home Group LLC). Accordingly, Chase's motion to dismiss, ECF 28, is denied as moot. SPS and U.S. Bank's motion to dismiss at ECF 29 will also be denied as moot for the reasons stated more fully below. *See infra* Section III.

Amended Complaint"). Numerous responses and replies have been filed to the pending motions.[2] Several filings include memoranda of law and exhibits.[3] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025).

Accordingly, for the reasons stated below, the motions to dismiss at ECFs 28 and 29 are **DENIED as moot**; SPS' motion to strike or, alternatively, dismiss, ECF 48, is **GRANTED in part** and **DENIED in part**; and Bryant's motion for leave to file an amended complaint, ECF 53, is **DENIED as moot**.

## I.   <u>BACKGROUND</u>

On April 10, 2025, Bryant filed the original complaint in this action against SPS, U.S. Bank, and Chase, alleging an unlawful foreclosure and forcible eviction related to a property at 3416 Ramona Avenue, Baltimore, Maryland 21213 (the "Property"). ECF 1, at 1. Bryant also filed an emergency motion for injunctive relief, seeking to halt the foreclosure, ECF 3, at 1, which was denied, *see* ECF 9. Chase then filed a motion to dismiss, ECF 13, as did SPS and U.S. Bank, ECF 17. Bryant opposed Chase's motion to dismiss. ECF 20.

Bryant then filed the First Amended Complaint on June 3, 2025, naming Chase, SPS, U.S. Bank, ZD Home Group LLC, "Deputy Lowther (Sheriff's Office)," "Maryland District Court Officers," "Unknown Attorneys and Notaries," and "John Does 1-10" as defendants. ECF 25, at 1; ECF 25-2, at 1. Two days later, Bryant filed a "motion to vacate foreclosure sale and eviction." ECF 27. Chase, SPS, and U.S. Bank filed motions to dismiss the First Amended Complaint. ECF 28 (Chase); ECF 29 (SPS and U.S. Bank). SPS and U.S. Bank also filed an opposition to the

---

[2] *See* ECF 44 (Bryant's opposition to ECF 29); ECF 50 (SPS' reply); ECF 54 (Bryant's "second response" in opposition to ECF 29); ECF 55 (SPS' reply); ECF 56 (SPS' opposition to ECF 53).

[3] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

motion to vacate. ECF 30. In July and August of 2025, Bryant filed several documents including a "writ of proof of standing," ECF 35; a "notice of errata" regarding the motion to vacate, ECF 36; a motion for entry of default and a supplement thereto, ECF 37 (motion); ECF 38 (supplement); a supplement to the original complaint, ECF 39; a motion for default judgment, ECF 41; and a "notice of lis pendens and affidavit of judicial notice, constructive agreement, and admission by silence . . . affecting real property and foreclosure claims," ECF 42 (capitalization altered).

The Court then denied as moot Chase, SPS, and U.S. Bank's motions to dismiss directed at the original complaint, and denied Bryant's motion to vacate the foreclosure sale at ECF 27 as well as the motions for default and default judgment at ECFs 37 and 40. *See* ECF 43. The Court also denied Chase's motion to dismiss insofar as it moved to strike the First Amended Complaint. *Id.*

Bryant then filed an opposition to SPS and U.S. Bank's motion to dismiss the First Amended Complaint. ECF 44. Bryant also filed a notice of voluntary dismissal, dismissing all defendants except for SPS. *See* ECF 45. She then filed the Second Amended Complaint, bringing claims against SPS only.[4] *See* ECF 46. SPS filed a motion to strike or, alternatively, dismiss the Second Amended Complaint, ECF 48, as well as a reply, ECF 50, regarding its earlier motion to dismiss at ECF 29. Bryant then filed a motion for leave to file a third amended complaint, with the proposed third amended complaint (the "Third Amended Complaint") appended thereto.[5] ECF

---

[4] Bryant titles this filing the "first amended complaint," ECF 46, at 1 (capitalization altered), but it is actually Bryant's second attempt at amending the complaint, and the Court will refer to it as the Second Amended Complaint.

[5] Bryant titles these filings as a "motion for leave to file a first amended complaint," ECF 53, with a "first amended complaint" attached to the motion, ECF 53-1. In reality, the motion to amend involves Bryant's third attempt at amending the complaint, and so the Court will reference the Third Amended Complaint in relation to these filings.

53. The Second Amended Complaint and Third Amended Complaint are identical. *Compare* ECF 46, *with* ECF 53-1. SPS opposes leave to amend and, in its opposition, adopts all arguments set forth in its previously filed motions to dismiss. ECF 56, at 1.

In the Second and Third Amended Complaints, Bryant alleges that SPS unlawfully "foreclosed on her home," ECF 46, at 2 ¶ 12, and that "SPS has never produced a valid, enforceable contract between Plaintiff and SPS, nor any admissible evidence establishing that SPS has standing or authority to enforce any promissory note or deed of trust related to Plaintiff's property," *id.* at 1 ¶ 7. According to Bryant, "SPS and its agents foreclosed on her home . . . without first proving a valid claim, lawful standing, or a right to enforce the alleged debt." *Id.* at 2 ¶ 12. Bryant claims that the foreclosure is "void and unenforceable." *Id.* at 3 ¶ 22. Maryland Judiciary Case Search shows that the foreclosure sale on the Property was ratified on December 17, 2024.[6]

Bryant brings eight claims related to the allegedly unlawful foreclosure sale of the Property: a claim entitled "lack of standing/failure of proof" (Count I); violation of the Federal Debt Collection Practices Act ("FDCPA"), § 15 U.S.C. 1692 et seq. (Count II); violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (Count III); violation of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Comm. L. § 14-201

---

[6] *See Diane Rosenberg, et al. v. Latanya A. Bryant et al.*, Case No. 24-O-23-000204 (Cir. Ct. Balt. City Feb. 17, 2023) (Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis (Under "Search By Case Number," enter case number "24O23000204"; then select "Search") (last visited Mar. 2, 2026). The Court may take judicial notice of public records when resolving a motion to dismiss. *See Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record."); *see also Waters v. Randolph*, Civ. No. GLR-17-2960, 2018 WL 337757, at *1 (D. Md. Jan. 9, 2018) (taking judicial notice of facts from Maryland Judiciary Case Search).

(Count IV); a claim alleging SPS engaged in unlicensed mortgage servicing (Count V); a claim alleging "evidentiary violations and failure of authentication" in violation of the Federal Rules of Evidence (Count VI); a claim under 42 U.S.C. § 1983 alleging constitutional violations under the Fourth, Fifth, and Fourteenth Amendments (Count VII); and a claim of "fraud / negligent misrepresentation" (Count VIII). *Id.* at 2–5. As relief, Bryant requests judgment in her favor, a declaration that the foreclosure is void, and an award of "actual, statutory, and punitive damages." *Id.* at 5.

## II.    LEGAL STANDARD

### A.    Amendment of Pleadings

Courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While it is within the discretion of a district court to deny leave to amend, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons that justify denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* The Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

### B.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal

5

conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

## C.    Liberal Construction

Because Bryant brings this suit pro se, the Court must liberally construe her pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010),

## III.    ANALYSIS

The Court begins the analysis by clarifying what is being considered in this memorandum opinion. While Bryant filed the Second Amended Complaint without leave of Court or consent from SPS, the Court acknowledges Bryant's representation that it was filed in a good faith attempt to narrow her claims to SPS only. ECF 53, at 1. The Court also recognizes that Bryant's motion for leave to file the Third Amended Complaint may have been filed in an attempt to correct Bryant's failure to request leave before filing the Second Amended Complaint, particularly in light of the fact that the Second and Third Amended Complaints are identical. *See* ECF 48-1, at 4 (noting that the Second Amended Complaint was improperly filed); ECF 53.

Ordinarily, because leave to amend is to be freely given, the Court could grant Bryant leave to file the Third Amended Complaint and deny as moot all pending motions to dismiss. But it makes little sense to do so for reasons of judicial economy because SPS' motion to strike or, alternatively, dismiss is directed at the arguments in the Second Amended Complaint, and the Second and Third Amended Complaints are identical. "The Supreme Court has long recognized that 'district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.'" *Shelby Wells v. Dental Care All., LLC*, Civ. No. JKB-23-01645, 2023 WL 7489990, at *4 (D. Md. Nov. 13, 2023) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)). And if the Court were to grant Bryant's motion to amend, SPS would be forced to file an identical motion to dismiss directed at the Third Amended Complaint and the litigation would be subject to further delay. Doing so "would be an exercise in pointless formality" that "would be needlessly taxing on the resources of the parties and the Court, and would be inconsistent with the Court's duty to administer the rules of procedure 'to secure the just,

7

speedy, and inexpensive determination of every action and proceeding.'" *Id.* (quoting Fed. R. Civ. P. 1).

Therefore, based on considerations of judicial economy, as well as Bryant's pro se status and her entitlement to some leniency, the Court will accept the Second Amended Complaint as the operative complaint even though it was improperly filed. *See Jarvis v. Montgomery Cnty., Md.,* Civ. No. AW-11-00654, 2011 WL 5547979 (D. Md. Nov. 14, 2011) (considering a pro se litigant's amended complaint even though it was improperly filed); *see also Thomas v. Delmarva Power & Light Co.,* Civ. No. RDB-15-0433, 2016 WL 374076, at *2 (D. Md. Feb. 1, 2016) (noting that "Rule 15(a)'s liberal standard is even more broadly construed for pro se litigants"). Accordingly, the Second Amended Complaint, ECF 46, is the operative complaint; SPS' request in ECF 48 to strike the Second Amended Complaint, is DENIED; and Bryant's motion for leave to amend, ECF 53, is DENIED as MOOT. The motions to dismiss at ECF 28 and 29 are also DENIED as MOOT as they are directed at the First Amended Complaint.

The Court now turns to SPS' arguments in favor of dismissal of the Second Amended Complaint. *See* ECF 48.

### A.    SPS' Motion to Dismiss

SPS has moved to dismiss the Second Amended Complaint on the grounds that 1) Bryant's claims are barred by *res judicata* and the *Rooker-Feldman* doctrine, and 2) she has otherwise failed to state a claim. ECF 48, at 1–2. The Court concludes that dismissal is appropriate for the reasons stated below.

### 1.    Res Judicata

Bryant's claims that arise out of and could have been raised in the foreclosure action are all barred under *res judicata*. These claims include "lack of standing" (Count I), violation of

8

FDCPA (Count II), violation of RESPA (Count III), violation of MCDCA (Count IV), unlicensed mortgage servicing (Count V), and fraud (Count VIII). *See* ECF 46, at 2–5.

Under the doctrine of *res judicata*, also referred to as claim preclusion, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). "The preclusive effects of a state court judgment are determined by state law." *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (citing *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 162 (4th Cir. 2008)). "Because the Court applies the substantive law on res judicata from the forum in which the prior judgment was entered, the Court will apply Maryland law here." *Reid v. New Century Mortg. Corp.*, Civ. No. PX-18-233, 2018 WL 4538585, at *5 (D. Md. Sept. 20, 2018) (citation omitted).[7]  Under Maryland law, claim preclusion has three elements: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been determined in prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Jones*, 444 F. App'x at 644 (quoting *R & D 2001, LLC v. Rice*, 938 A.2d 839, 848 (Md. 2008)).

The first element—identity or privity of parties—is met here. "In a claim preclusion context, privity 'generally involves a person so identified in interest with another that he represents the same legal right.'" *Id.* (quoting *FWB Bank v. Richman*, 731 A.2d 916, 930 (Md. 1999)). Plaintiff Latanya Bryant was a named defendant in the state foreclosure action. *See supra* note 6. As to the plaintiff in the foreclosure action, "the Fourth Circuit has determined that when a

---

[7] As Judge Xinis also noted, "the elements for res judicata under Maryland law and federal law are essentially equivalent." *Reid*, 2018 WL 4538585, at *5 n. 11 (citing *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)).

substitute trustee prosecutes a state court foreclosure action on behalf of a mortgage servicer, which in turn serviced the underlying mortgage on behalf of the lender, the servicer, lender, and substitute trustee share the same right to foreclose on the mortgage, such that the privity component of claim preclusion is satisfied." *Thomas v. Sack*, Civ. No. ELH-18-1839, 2019 WL 1099071, at *9 (D. Md. Mar. 7, 2019) (citation modified). The plaintiff in the state foreclosure action against Bryant, Diane Rosenberg, was the substitute trustee hired to litigate the foreclosure action in state court. *See supra* note 6; ECF 48-1, at 2. Accordingly, SPS is the same as the state court plaintiff for *res judicata* purposes. *See Womack v. Ward*, Civ. No. DKC-17-3634, 2018 WL 3729038, at *3 (D. Md. Aug. 6, 2018) (finding a substitute trustee and its law firm were in privity with a mortgage servicer because they "all share[d] a mutual interest with respect to the validity of the foreclosure judgment"), *aff'd*, 755 F. App'x 262 (4th Cir. 2019).

The second element of *res judicata* is likewise satisfied. "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts." *Knight v. Nationstar Mortg., LLC*, Civ. No. SAG-23-3502, 2024 WL 3046408, at *4 (D. Md. June 18, 2024) (quoting *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015)). Importantly, *res judicata* "is not restricted to claims actually adjudicated in the prior litigation, but also bars claims that could have been brought." *Thomas*, 2019 WL 1099071, at *8 (citing *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. App. 2002)). "In particular, judges of this Court have held repeatedly that res judicata precludes collateral attack on state court judgments of foreclosure." *Id.* (collecting cases). Here, the allegedly wrongful foreclosure action is at the heart of Bryant's claims and thus they are barred under *res judicata*.

Bryant's claims are premised on the contention that SPS lacked any legal authority to enforce the mortgage debt and foreclose on the Property. *See, e.g.*, ECF 46, at 3 ¶ 28 (alleging

10

SPS violated the FDCPA "by threatening and taking nonjudicial foreclosure action without a present right to possession of the property"), at 3 ¶ 31 (alleging that the violation of RESPA caused "loss of property, and costs incurred to defend against unlawful foreclosure"), at 4 ¶ 35 ("SPS violated [the MCDCA] by . . . attempting foreclosure without standing or lawful authority"), at 5 ¶ 50 ("SPS made material misrepresentations and omissions of fact regarding its authority to service the loan, ownership of the debt, standing to foreclose, and the amount allegedly owed."). For example, Bryant alleges that SPS "fail[ed] to establish standing and entitlement to enforce the note" such that the foreclosure on the property is void and unenforceable. *Id.* at 3. But any argument regarding a lack of standing could have (and indeed, should have) been raised by Bryant in the state foreclosure action. *See McKenzie v. M&T Bank*, Civ. No. GJH-17-3225, 2018 WL 4384164, at *3 (D. Md. Sept. 14, 2018) (concluding that an "argument that *res judicata* is inapplicable because Defendant lacked standing before the Circuit Court, rendering the foreclosure judgment void, is without merit"). Similarly, Bryant's claims that the foreclosure was allegedly unenforceable based on any fraud or violation of FDCPA, RESPA, MCDCA, or other Maryland law, all "arise out of the same series of transactions as the transactions at issue in the foreclosure proceedings" and thus are subject to preclusion. *Bullock v. Ocwen Loan Servicing, LLC*, Civ. No. PJM-14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015); *see also, e.g., Prudencio v. Capital One, N.A.*, Civ. No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (concluding that the second element of *res judicata* was satisfied because claims of, *inter alia*, violations of the FDCPA, RESPA, and fraud and misrepresentation "could have been raised in the foreclosure action"); *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371 (D. Md. Feb. 3, 2011) (claims for violations of the FDCPA, breach of fiduciary duty, and fraud could have been raised in the foreclosure proceeding), *aff'd*, 444 F. App'x 640 (4th Cir. 2011); *Bullock*,

11

2015 WL 5008773, at *5 (finding Plaintiff's FDCPA, MCDCA, and MCPA claims were barred by *res judicata*). Accordingly, because "the state court foreclosure action and the present case relate to the same transaction or occurrence," Bryant's claims "could have been brought in the state action" and Bryant is precluded from now bringing them in federal court. *Jones*, 2021 WL 2861518, at *6.

The third *res judicata* element is plainly met, as the foreclosure sale of the Property was ratified on December 17, 2024. *See supra* note 6; *see also Wheatley v. Cohn*, Civ. No. GLR-13-3850, 2014 WL 2452606, at *4 (D. Md. May 30, 2014) ("[T]he law is firmly established in Maryland that the final ratification of the sale of property in foreclosure proceedings is *res judicata* as to the validity of such sale . . . .").

Accordingly, Bryant's claims arising out of the foreclosure action, specifically claims alleging lack of standing (Count I), violation of FDCPA (Count II), violation of RESPA (Count III), violation of MCDCA (Count IV), unlicensed mortgage servicing (Count V), and fraud (Count VIII) are barred under *res judicata*, and are dismissed with prejudice. *Cf. Reid v. New Century Mortg. Corp.*, Civ. No. PX-18-233, 2018 WL 4538585, at *6 (D. Md. Sept. 20, 2018) (dismissing with prejudice claims barred under *res judicata* arising out of a foreclosure action).

### 2. Rooker-Feldman

As a remedy for her claims, Bryant requests that the Court "[d]eclare the foreclosure void." ECF 46, at 5. Though not entirely clear which claims relate to Bryant's request for a declaratory judgment, such a declaration is unquestionably barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983) (quoting *Atlantic Coast Line R. Co. v. Brotherhood. of Locomotive Engineers*, 398 U.S. 281, 296 (1970)). The following

12

requirements must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If applicable, the federal court lacks subject matter jurisdiction over the federal plaintiff's claims and the claims must be dismissed. *See Feldman*, 460 U.S. at 476; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp.*, 544 U.S. at 280 (2005)).

"Courts have consistently applied the *Rooker-Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Sanders v. Cohn, Goldberg & Deutsch, LLC*, Civ. No. DKC-15-1571, 2016 WL 223040, at *5 (D. Md. Jan. 19, 2016) (quoting *Nott v. Bunson*, Civ. No. WMN-09-2613, 2009 WL 3271285, at *2 (D. Md. Oct. 9, 2009)); *see also Wenegieme v. Nadel*, Civ. No. GLR-14-2543, 2015 WL 11090389, at *2 (D. Md. Apr. 13, 2015) (finding *Rooker-Feldman* applied where plaintiffs argued the state court's judgment of foreclosure was illegal), *aff'd*, 619 F. App'x 261 (4th Cir. 2015). Here, the state court ratified the foreclosure sale of the Property on December 17, 2024. *See supra* note 6. And, as discussed, underpinning all of Bryant's claims is an attempted attack on the validity of the state court judgment ratifying foreclosure. *See, e.g.*, ECF 46, at 3 ¶ 22 (alleging that SPS was barred from foreclosing on the property), at 4 ¶ 35 (alleging that SPS foreclosed on the property "without standing or lawful authority"); at 4 ¶ 40 (alleging that "servicing or foreclosure activity conducted without the required license is unlawful and void as a matter of law"). And although

13

Bryant argues that she "does not seek to overturn a state foreclosure judgment," ECF 54, at 2, her request for a declaratory judgment demonstrates otherwise.

Under *Rooker-Feldman*, this Court lacks the authority to review any state court decision regarding the foreclosure action or to declare the state foreclosure proceeding void as requested. *See Sanders*, 2016 WL 223040, at *6 (holding that under *Rooker-Feldman*, "this court has no authority to consider allegations and claims related to the propriety of [a state foreclosure] sale"). Accordingly, dismissal of Bryant's claims is also appropriate under the *Rooker-Feldman* doctrine.

     3.     The remaining counts are not cognizable claims.

Finally, two claims brought by Bryant are subject to dismissal because they are not cognizable claims. First, under Count VI, Bryant alleges that "SPS failed to produce the original promissory note" in violation of the Federal Rules of Evidence. *See* ECF 46, at 6. "Perceived violations of the Federal Rules of Evidence, however, do not constitute a basis for a legal cause of action." *Jaiyeola v. Bryan*, No. 1:22-CV-844, 2023 WL 5016641, at *3 (W.D. Mich. June 5, 2023), *report and recommendation adopted,* No. 1:22-CV-844, 2023 WL 4346676 (W.D. Mich. July 5, 2023), *aff'd,* No. 23-1675, 2024 WL 3549163 (6th Cir. Feb. 12, 2024); *see also DelGiorno v. W. Virginia Bd. of Med.*, No. 3:12-CV-132, 2013 WL 2147456, at *6 (N.D. W. Va. May 15, 2013) (where a plaintiff alleged a claim under § 1983 based on alleged violation of evidentiary rules, the court held that "violations of evidentiary rules are not stand-alone constitutional deprivations" to support any cognizable claim), *aff'd*, 538 F. App'x 314 (4th Cir. 2013). Second, Bryant's § 1983 claim under Count VII, as pled, is not a cognizable claim against a private company like SPS. *United States v. Morrison,* 529 U.S. 598, 621 (2000) (noting "the time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action"); *Webster Cnty. Lumber Co. v. Wayne*, 61 F. App'x 63, 66 (4th Cir. 2003) ("[I]t has been well-established

14

for over a century that the Fourteenth Amendment restrains or controls only state actors, not private actors."); *Morozov v. Howard Cnty., MD*, Civ. No. MJG-10-1515, 2013 WL 2338779, at *3 (D. Md. May 28, 2013) ("It is well settled that the safeguards of the Fourth and Fourteenth Amendments shield citizens only from conduct that may fairly be characterized as state action." (citation modified)).  Because Counts VI and VII are not cognizable claims, and Bryant has had multiple opportunities to amend her complaint, dismissal of these claims will also be with prejudice. *Cf. Ford v. Red Roof Inns, Inc.*, Civ. No. BAH-24-3414, 2025 WL 3640971, at *6 (D. Md. Dec. 16, 2025) (dismissing with prejudice where pro se plaintiffs were given several attempts to articulate viable claims).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the motions to dismiss at ECF 28 and 29 are DENIED as moot; SPS' motion to strike or, alternatively, dismiss, ECF 48, is GRANTED in part and DENIED in part; and Bryant's motion for leave to file an amended complaint, ECF 53, is DENIED as moot. All claims are DISMISSED with prejudice, and the Clerk will be directed to CLOSE the case.

A separate implementing order will issue.

Dated: <u>March 4, 2026</u>

_____/s/_____
Brendan A. Hurson
United States District Judge